<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 24, 2021

Joseph G. Cella, Esq.
Cella & Associates, LLC
1187 Main Avenue, Suite 3F
Clifton, NJ 07011
*Attorney for Petitioner Orlando Enrique Barrios Diaz*

Maria Isabel Velez, Esq.
570 North Broad Street, Suite 1
Elizabeth, NJ 07208
*Attorney for Respondent Luisa Fernanda Torres Caicedo*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:   Diaz v. Caicedo**
       **Civil Action No. 20-11552 (SDW) (LDW)**

Counsel:

Petitioner Orlando Enrique Barrios Diaz ("Petitioner") brings this proceeding ("Petition") against Respondent Luisa Fernanda Torres Caicedo ("Respondent") under the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.* (D.E. 1.) Petitioner alleges that beginning in January, 2020, Respondent wrongfully retained their minor daughter ("M.I.") in the United States and requests that M.I. be returned to Colombia. (*Id.*) This Court assumes the parties are familiar with the factual issues in this matter and references only those facts relevant to, and necessary for, the resolution of the Petition.[1] For the reasons stated herein, the Petition is **GRANTED**.[2]

---

[1] Pursuant to the narrow focus of the Hague Convention and the ICARA, this Court is not empowered to make custody determinations nor to judge who is the more fit parent. *See Benitez v. Hernandez*, Civ. No. 17-917, 2017 WL 1404317, at *1 (D.N.J. Apr. 18, 2017). Rather, this Court is limited to "restor[ing] the status quo where there has been a wrongful removal, and permit[ing] any rulings on divorce and custody to be made in the proper jurisdiction." *Id.*

[2] Petitioner moved for an Order to Show Cause for M.I.'s return on August 25, 2020. (D.E. 1, 3.) Petitioner's initial failure to properly serve Respondent, Respondent's subsequent request for time to find an attorney, and the parties'

**DISCUSSION**

A.

The Hague Convention was enacted to address the "problem of international child abductions during domestic disputes," *Abbott v. Abbott*, 560 U.S. 1, 8 (2010), "to ensure the prompt return of children to the State of their habitual residence when they have been wrongfully removed," and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, pmbl., art. 1. "Any person seeking the return of a child in the United States may commence a civil action under the Hague Convention by filing a petition in a court of the jurisdiction in which the child is located." *Benitez*, 2017 WL 1404317 at *2 (citing 42 U.S.C. § 11603(b)). "[T]o state a *prima facie* case in a proceeding under the Hague Convention for the return of a child wrongfully removed to or retained in another State, the petitioner must establish by a preponderance of the evidence that: (1) the child was habitually resident in one State and was removed to a different State; (2) the removal was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of removal." *Id.*

"Even when a petitioner establishes a *prima facie* claim under the Hague Convention, '[r]eturn is not required if the abducting parent can establish that a Convention exception applies.'" *Pozniak v. Shwartsman*, Civ. No. 20-2956, 2021 WL 965238, at *7 (E.D.N.Y. Mar. 15, 2021) (quoting *Abbott*, 560 U.S. at 22)); *see also* 22 U.S.C. § 9001(a)(4). Only the defense of consent is relevant here. *See* Hague Convention, art. 13; 22 U.S.C. § 9003(e)(2). A respondent seeking to establish consent must show, by a preponderance of the evidence, that the petitioner "consented to or subsequently acquiesced in the removal or retention." Hague Convention, art. 13(a); 22 U.S.C. § 9003(e)(2)(B). The heart of this analysis is "the petitioner's subjective intent," which "includes the nature and scope of the alleged consent." *Nissim v. Kirsh*, 394 F. Supp. 3d 386, 398 (S.D.N.Y. 2019) (citation and quotation marks omitted). In considering whether petitioner consented to removal, "it is important to consider what the petitioner actually contemplated and agreed to in allowing the child to travel outside its home country." *Baxter v. Baxter*, 423 F.3d 363, 371 (3d Cir. 2005); *see also Hofmann v. Sender*, 716 F.3d 282, 295 (2d Cir. 2013) ("Article 13(a) does not provide that if a parent consents to removal of the child for a period, under certain conditions or circumstances, that retention of the child beyond those conditions or circumstances is necessarily permissible.") (quoting *Baxter*, 423 F.3d at 370) (internal quotation marks omitted).

B.

Petitioner, Respondent, and their minor child M.I. are natives and citizens of Colombia. (D.E. 47 Part II.)[3] On or about July 24, 2019, the parties traveled from Colombia to the United

---

failure to comply with this Court's deadlines and instructions regarding pretrial filings delayed the scheduling of a hearing on the Order to Show Cause until March 18, 2021.

[3] Citations to "D.E. 47" refer to the Joint Final Pretrial Order entered in this matter by Magistrate Judge Leda D. Wettre which contains, *inter alia*, a list of facts to which the parties have stipulated. Citations to "Tr." refer to the transcript of the hearing held on March 18, 2021. Although counsel filed proposed exhibits on the docket and referred

States, arriving in New Jersey on B-2 visitor visas "with authorization to remain in the United States for no more than six (6) months, which period was to end on January 23, 2020." (*Id*.) Upon their arrival, both Petitioner and Respondent intended to return to Colombia before their visas expired, although at some point during their stay, Respondent changed her mind and decided to remain in the United States. (Tr. 14:2-10; 15:10-19; 16:19-17:14; 20:23-21:15; 26:12-18; 36:11-13; 38:15-20; 52:6-14; 75:6-12; 77:3-7; 93:10-19; 94:8-13.) Petitioner returned to Colombia on January 20, 2020 while Respondent and M.I. remained in New Jersey where they continue to reside. (D.E. 47 Part II.) Respondent does not challenge that Petitioner has set out a *prima facie* case of wrongful retention, rather, she claims that Petitioner consented to M.I.'s permanent move to the United States; Petitioner maintains that he did not.[4] (*See* D.E. 47 Parts III, IV, VIII.) Respondent has not met her burden.

It is clear from the testimony that the trip to the United States was not originally intended to be a permanent one. (*See* Tr. 14:2-10; 15:10-19; 16:19-17:14; 20:23-21:15; 26:12-18; 36:11-13; 38:15-20; 52:6-14; 75:6-12; 77:3-7; 93:10-19; 94:8-13.) Petitioner testified that he initially agreed to come for a two week visit to the United States, and although he extended his stay to six months, he did not want to remain in the United States and intended to return to Colombia where he had a career and family. (Tr. 14:2-18; 15:10-21; 16:25-17:24; 18:25-19:3.) He further testified that he wanted Respondent and his daughter to return with him, and that he left because he did not want to stay in the United States without authorization once their visas expired. (Tr. 16:11-17:4; 19:4-20:9; 21:6-21.) Petitioner stated that he did not take his daughter with him because he feared forcibly removing her from her mother would be traumatic for the child, but that he did not consent to her remaining in New Jersey and had consulted attorneys before returning to Colombia and continued his search for a legal remedy after he left the United States.[5] (Tr. 21:16-22:1; 24:18-25:9; 27:7-13; 29:5-30:5; 30:18-22; 32:17-33:10; 51:3-14; 52:11-14.) Petitioner's testimony was supported by that of Respondent's father, Mr. Torres, who testified that Petitioner was upset that Respondent wanted to remain in the United States and that Petitioner never told him that he consented to M.I. remaining in New Jersey. (Tr. 78:5-10; 83:16-19.) Overall, this Court found Petitioner's testimony credible, coherent, and logically consistent.

Respondent admitted that the parties arrived in the United States on "vacation," acknowledged that she and Petitioner argued frequently about "whether [she] was going to stay or not," and conceded that she made a unilateral decision to remain in the United States with M.I. (Tr. 83:9-19; 88:14-89:1; 93:6-24; 94:8-24; 98:1-4.) Respondent also testified that Petitioner was angry that he had to leave without her and M.I., stated that Petitioner could not have taken M.I. to Colombia without her, and asserted that she had no intention of going back to Colombia with him unless Petitioner had agreed to get married. (Tr. 95:13-24; 99:2-5; 100:6-11.) This Court does not

---

to those documents during the hearing, no exhibits were moved for admission into evidence. As a result, this Court relies entirely on the testimony of the three witnesses who appeared at the hearing: Petitioner, Respondent, and Respondent's father, Carlos Andres Torres.

[4] In the Final Pretrial Order, Respondent identifies only two legal issues requiring the Court's review: 1) whether Petitioner consented to M.I. remaining in New Jersey; and 2) whether Respondent had established New Jersey as M.I.'s habitual residence. (*See* D.E. 47 Part VIII.) Neither party raised the issue of habitual residence at the hearing, and defense counsel conceded at the hearing that her "whole case is based on that there was a consent." (Tr. 52:10.)

[5] The instant suit was filed eight months after Petitioner left the country. (D.E. 1.)

find Respondent's testimony that Petitioner "accepted for me to stay with [M.I.]" and that he "was in agreement that I would stay here with my daughter" credible when weighed against Petitioner's testimony, the testimony of Respondent's father, and Petitioner's pursuit of legal remedies to return M.I. to Colombia. (Tr. 90:6-92:9; 94:24; 96:23-24.)[6] Therefore, Respondent has not shown by a preponderance of the evidence that Petitioner consented to her permanent removal of M.I. to the United States in January of 2020.

## CONCLUSION

For the reasons set forth above, the Petition to return the minor Child to Colombia is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
            Parties

---

[6] Although emphasized repeatedly by counsel, the fact that Petitioner also attempted to convince Respondent to return to Colombia because he loved her or that he and Respondent had relationship issues has no bearing on the issue of consent. (*See, e.g.*, Tr. 42:1-43:14; 45:24-46:4; 67:2-16.)

4