<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 14, 2021

Joseph G. Cella, Esq.
Cella & Associates, LLC
1187 Main Avenue, Suite 3F
Clifton, NJ 07011
*Attorney for Petitioner Orlando Enrique Barrios Diaz*

Noemi C. Simbron, Esq.
Law Office of Noemi C. Simbron
175 Market Street, Suite 306
Paterson, NJ 07505
*Attorney for Respondent Luisa Fernanda Torres Caicedo*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

    Re:    **Diaz v. Caicedo**
              **Civil Action No. 20-11552 (SDW) (LDW)**

Counsel:

On March 18, 2021, a hearing was conducted in this matter, which resulted in the issuance of this Court's March 24, 2021 decision ("March 24th Opinion") granting Petitioner Orlando Enrique Barrios Diaz's ("Petitioner") Petition under the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.* to return the parties' minor child ("M.I.") to Colombia. (D.E. 51, 52, 1.) Respondent Luisa Fernanda Torres Caicedo ("Respondent") now seeks a rehearing and stay of the March 24, 2021 Opinion and accompanying Order which requires the return of M.I. to Colombia by April 14, 2021. (D.E. 54.) For the reasons stated herein, Respondent's motion is **DENIED**.

### <u>DISCUSSION</u>

A.

Respondent's motion is brought pursuant to Federal Rule of Civil Procedure 59, which allows a party to move for a new trial on "all or some of the issues" provided such motion is filed

within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59. In this circuit, courts "have construed such motions for rehearing as motions for reconsideration." *Shokirjoniy v. City of Clinton Twp.*, Civ. No. 18-8904, 2021 WL 689154, at *1 (D.N.J. Feb. 23, 2021); *see also Gittens v Pavlack*, Civ. No. 20-2880, 2021 WL 320715, at * n.2 (3d Cir. Feb. 1, 2021) (affirming treatment of motion for rehearing as a motion for reconsideration). This Court will do the same.

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

This Court assumes the parties' familiarity with the factual and procedural history of this matter, and refers them to the March 24th Opinion for a full recitation of the relevant facts. (D.E. 51.) Respondent does not challenge this Court's identification or application of the legal standards regarding petitions brought pursuant to the Hague Convention and ICARA. Nor does Respondent identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision.[1] Consequently, Respondent's motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 54 at 11-12.) Specifically, Respondent argues that "this Court's decision is flawed" because it improperly usurped the authority of "the Family Court by granting a custody order" to Petitioner. (*Id.*) Respondent is incorrect. In the March 24th Opinion, this Court clearly stated that "[p]ursuant to the narrow focus of the Hague Convention and the ICARA" it was not "empowered to make custody determinations nor to judge who is the more fit parent . . . but rather was "limited to 'restor[ing] the status quo where there has been a wrongful removal, and permit[ing] any rulings on divorce and custody to be made in the proper jurisdiction.'" (D.E. 51 at 1 n.1 (citing *Benitez v. Hernandez*, Civ. No. 17-917, 2017 WL 1404317, at *1 (D.N.J. Apr. 18, 2017)).) As a result, the hearing held on March 18, 2021 focused on whether

---

[1] Respondent asks this Court to hold a new hearing to "conduct proper findings as to her allegations of abuse." (D.E. 54 at 11.) However, such evidence was available to Respondent at the time of this Court's March 18, 2021 hearing, and is, therefore, not "new" evidence. Indeed, Respondent acknowledges that she submitted a letter to this Court regarding "the violent nature of her relationship" with Petitioner prior to the hearing yet chose not to raise issues of alleged abuse. (D.E. 54 at 5.)

Petitioner had granted his consent for M.I. to remain in the United States after the parties' visas expired. After considering the testimony, this Court found that he had not and ordered M.I. to be returned to Colombia where any issues of custody could be addressed by the appropriate Colombian court. (*See* D.E. 51 at 3 (noting that "Respondent does not challenge that Petitioner has set out a *prima facie* case of wrongful retention" and failed to meet her burden to show that Petitioner had consented "to M.I.'s permanent move to the United States").) Respondent's argument that custody decisions should be made by a New Jersey family court is nothing more than a disagreement with this Court's ruling and her motion merely encourages this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).[2]

## **CONCLUSION**

For the reasons set forth above, Respondent's Motion for Reconsideration and for a Stay is **DENIED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk
cc:       Leda D. Wettre, U.S.M.J.
          Parties

---

[2] Respondent provides no basis for her claim that "irregularities during the original proceedings . . . prevented [her] from [having] a fair trial." (D.E. 54 at 6.) Respondent was represented by capable counsel, had access to an interpreter, testified on her own behalf, and was able to call her father as a witness. Any suggestion that she was denied a fair hearing are without merit.